**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KATHY D. HARRIS, | ) | NO. CV 08-1582-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | **AND ORDER OF REMAND** |
| OF SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 10, 2008, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 17, 2008. Plaintiff filed a motion for summary judgment on August 12, 2008.

1  Defendant filed a cross-motion for summary judgment on September 10,
2  2008.  The Court has taken both motions under submission without oral
3  argument.  See L.R. 7-15; "Order," filed March 14, 2008.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since August 1, 2004, based on, inter alia, alleged anemia (Administrative Record ("A.R.") 33-248). In an opinion dated April 27, 2005, Dr. J.R. Sturich, Plaintiff's treating physician, opined Plaintiff "is unable to work due to her dizziness and fatigue caused by severe anemia" (A.R. 180).

The Administrative Law Judge ("ALJ") found Plaintiff has "the severe impairments of obesity and symptomatic anemia," but also found Plaintiff is not disabled from work (A.R. 28-32).  The Appeals Council denied review (A.R. 3-5).  Neither the ALJ nor the Appeals Council mentioned Dr. Sturich's opinion (A.R. 3-5, 26-32).

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

///
///
///

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see also Rodriquez v. Bowen, 876 F.2d at 762 n.7 (9th Cir. 1989) ("We do not draw a distinction between a medical opinion as to a physical condition and a medical opinion on the ultimate issue of disability.").

The Administration plainly erred in failing to mention Dr. Sturich's opinion. Id.; see Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) ("Of course, an ALJ cannot avoid these requirements [to state specific, legitimate reasons] by not mentioning the treating physician's opinion and making findings contrary to it."); Salvadore v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of treating physician's opinion cannot satisfy

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

Administration's obligation to set forth "specific, legitimate reasons"). To the extent the Defendant now offers arguments why Dr. Sturich's opinion may be incorrect, such arguments are not cognizable by the Court. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of reasons the ALJ failed to assert); Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (same).[2]

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be

---

[2] Contrary to Defendant's argument, the Court cannot confidently conclude that the Administration's error was harmless.

4

1  required to find the claimant disabled were such evidence credited."
2  Harman at 1178 (citations and quotations omitted).  Assuming,
3  arguendo, the Harman holding survives the Supreme Court's decision in
4  INS v. Ventura, 537 U.S. 12, 16 (2002),[3] the Harman holding does not
5  direct reversal of the present case.  Outstanding issues still must be
6  resolved before a determination of disability can be made.[4]  Further,
7  it is not clear from the record that the ALJ would be required to find
8  Plaintiff disabled for the entire claimed period of disability were
9  the opinion of Dr. Sturich credited.
10 ///
11 ///
12 ///
13 ///

**CONCLUSION**

---

[3]  The Ninth Circuit has continued to apply Harman, despite INS v. Ventura.  See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

[4]  To the extent the Administration impliedly believed Dr. Sturich's brief opinion to be ambiguous or inadequately supported, the Administration should recontact Dr. Sturich.  See 20 C.F.R. § 404.1512(e) (the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques"; Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them.  He could also have continued the hearing to augment the record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

1    For all of the foregoing reasons, Plaintiff's and Defendant's
2 motions for summary judgment are denied and this matter is remanded
3 for further administrative action consistent with this Opinion.

5    LET JUDGMENT BE ENTERED ACCORDINGLY.

7         DATED:  September 12, 2008.


                              _____/S/_____
                                       CHARLES F. EICK
                              UNITED STATES MAGISTRATE JUDGE